**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, NY 10019
      -and-
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
Tel: (973) 331-7200
E-mail: sshaffer@olshanlaw.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>                       Plaintiff,<br>    -against-<br><br>HAIM EINHORN, NIRIT EINHORN, ETTAI EINHORN, DROR LEVY, and BODYWELL USA, INC.<br><br>                 Defendants. | Civil Action No.: 26-cv-01414<br><br>(previously pending in the Superior Court of New Jersey, Bergen County, Law Division as BER-L-000853-26)<br><br>**ANSWER OF DEFENDANTS DROR LEVEY AND BODYWELL USA, INC.** |

Defendants Bodywell USA, Inc. (hereinafter, "Bodywell") and Dror Levy (collectively, "Defendants"), as and for their Answer to the allegations contained in the Complaint And Jury Demand In Putative Class Action ("Complaint") filed in this action by Harold M. Hoffman ("Hoffman" or "Plaintiff"), hereby respond as follows:

Overview

1.     Defendants deny the allegations contained in this paragraph except admit Plaintiff seeks various forms of relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.

2.     Defendants deny the allegations contained in this paragraph.

3.     Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny where Hoffman saw these alleged claims.

1

13149301-1

4.      Defendants deny the allegations contained in this paragraph.

5.      Defendants deny the allegations contained in this paragraph.

6.      Defendants deny the allegations contained in this paragraph.

7.      Defendants deny the allegations contained in this paragraph.

8.      Defendants deny the allegations contained in this paragraph.

9.      Defendants deny the allegations contained in this paragraph.

10.     Defendants deny the allegations contained in this paragraph.

11.     Defendants deny the allegations contained in this paragraph.

12.     Defendants deny the allegations contained in this paragraph.

13.     Notwithstanding Hoffman's definition of the putative class, Defendants deny the existence of any basis to certify a class or to award any relief at all, either on a class or individual basis.

14.     Defendants deny the allegations contained in the final sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same, leaving Plaintiff to his proofs.

15.     Defendants deny the allegations contained in this paragraph except admit that Bodywell USA Inc. is a Florida corporation that, at all times relevant, owned the U.S. trademark on the Bodywell product.

16.     Defendants deny the allegations contained in this paragraph.

17.     Defendants deny the allegations contained in this paragraph  on the basis that Bodywell Chip, LLC is the primary seller of the product at issue in the United States.

13149301-1

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny same, leaving Plaintiff to his proofs.

19. This paragraph contains a conclusion of law to which no response is required.

20. Defendants deny the allegations contained in this paragraph.

21. Defendants deny the allegations contained in this paragraph.

22. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny what Hoffman believes.

<u>The Bodywell Product</u>

23. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny the unspecified benefits to which Hoffman refers.

24. Defendants deny the allegations contained in this paragraph.

25. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny what Hoffman or others relied upon.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph except that the definition of fraud in the inducement is a conclusion of law to which no response is required.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph except admit Plaintiff brings this lawsuit in an effort to recover funds. Defendants deny that Plaintiff is entitled to any recovery whatsoever.

13149301-1

30. Notwithstanding Hoffman's definition of the putative class, Defendants deny the existence of any basis to certify a class or to award any relief at all, either on a class or individual basis.

31. Notwithstanding Hoffman's definition of the putative class, Defendants deny the existence of any basis to certify a class or to award any relief at all, either on a class or individual basis.

32. The purpose of the New Jersey Consumer Fraud Act is a conclusion of law as to which no response is required.

33. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny how consumers made purchasing decisions.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny consumers' expectations and whether such expectations, if any actually existed, were reasonable.

40. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny consumers' expectations and whether such expectations, if any actually existed, were reasonable.

13149301-1

41.     Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny the premise of consumers' purchasing decisions.

Class Allegations and Class Definition

42.     Defendants deny the allegations contained in this paragraph except admit Plaintiff brings this suit as a putative class action. Defendants deny that class treatment is appropriate or legal, that Plaintiff or the putative class is entitled to any relief whatsoever and that this action may be maintained as a class action. Defendants object to any attempt to change the class definition unless such attempt is permitted under the applicable rules of procedure.

43.     Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny whether Plaintiff has ever been appointed as class counsel for a certified class.

44.     Defendants deny the allegations contained in this paragraph and state further that to the extent this paragraph states a legal conclusion, no response is required.

45.     Defendants admit Plaintiff seeks injunctive relief, but deny that Plaintiff is entitled to any relief whatsoever.

46.     Defendants deny the allegations contained in this paragraph and state further that to the extent it contains legal conclusions, no response is required.

## COUNT I

47.     Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

5

13149301-1

48.    Defendants deny the allegations contained in this paragraph.

49.    Defendants deny the allegations contained in this paragraph.

## COUNT II

50.    Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

51.    Defendants deny the allegations contained in this paragraph.

52.    Defendants deny the allegations contained in this paragraph.

## COUNT III

53.    Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

54.    Defendants deny the allegations contained in this paragraph.

55.    Defendants deny the allegations contained in this paragraph.

## COUNT IV

56.    Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

57.    Defendants deny the allegations contained in this paragraph.

58.    Defendants deny the allegations contained in this paragraph.

## COUNT V

59.    Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

60.    Defendants deny the allegations contained in this paragraph.

61.    Defendants deny the allegations contained in this paragraph.

## COUNT VI

6

13149301-1

62. Defendants repeat and reallege their responses to the prior allegations as if fully set forth at length.

63. Defendants deny the allegations contained in this paragraph.

64. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny what if anything consumers relied upon, and whether such reliance, if any actually existed, was reasonable.

65. Defendants deny the allegations contained in this paragraph.

66. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny what if anything consumers relied upon, and whether such reliance, if any actually existed, was reasonable.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants deny the allegations contained in this paragraph.

69. Defendants deny the allegations contained in this paragraph.

70. Defendants deny the allegations contained in this paragraph.

71. Defendants deny the allegations contained in this paragraph except that they lack knowledge or information sufficient to admit or deny what if anything consumers relied upon, and whether such reliance, if any actually existed, was reasonable.

72. Defendants deny the allegations contained in this paragraph.

**WHEREFORE,** Defendants deny that Plaintiff and/or the putative class are entitled to any relief whatsoever, and respectfully request that this Court dismiss the Complaint with prejudice, award Defendants their costs and attorneys' fees to the fullest extent allowed by law, and grant Defendants any and all additional relief that the Court deems appropriate and proper.

13149301-1

## <u>AFFIRMATIVE DEFENSES</u>

Defendants hereby assert the following Affirmative Defenses without waiving any right to hold Plaintiff to his proofs or assuming any burden of proof or persuasion that otherwise falls on Plaintiff:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint, and all related filings, are frivolous, filed in bad faith, and violate New Jersey's Rule 1:4-8 and/or Federal Rule of Civil Procedure 11.

3.    Plaintiff fails to allege his claims with the required level of particularity.

4.    Plaintiff is not a bona fide consumer.

5.    The Prior Substantiation Doctrine bars the Consumer Fraud Act claims.

6.    Plaintiff and/or the putative class members lack standing to bring some or all of the claims contained in the Complaint.

7.    Plaintiff has not alleged any unlawful practice.

8.    Plaintiff suffered no ascertainable loss.

9.    Plaintiff has not alleged a causal connection between any unlawful practice and any ascertainable loss.

10.    Plaintiff's claims against the individual defendants are barred because he fails to allege facts sufficient to pierce the corporate veil or otherwise impose personal liability.

11.    Plaintiff's claims against the individual defendants are barred because he fails to allege that any individual defendant personally committed, directed, or participated in the alleged wrongdoing.

13149301-1

12.     Plaintiff's claims against the individual defendants are barred under the corporate shield doctrine which holds that corporate officers and employees acting within the scope of their employment cannot be held personally liable for acts undertaken on behalf of the corporation.

13.     Plaintiff did not allege any possession or use of the product prior to filing suit.

14.     Plaintiff has not identified any specific advertisement that he saw or reviewed.

15.     Plaintiff did not rely upon any of the alleged representations or omissions.

16.     Plaintiff has received a full refund of purchase price plus all fees paid to Defendant.

17.     Plaintiff is not an adequate class representative.

18.     Plaintiff cannot satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure or the state law equivalent, and therefore all class allegations should be stricken.

19.     As a pro se plaintiff, Plaintiff may not serve as class counsel, and thus, there is no adequate class counsel.

20.     As class counsel, Plaintiff may not serve as plaintiff or class representative.

21.     The Complaint may not be maintained as a class action.

22.     Plaintiff's or some of the putative class members' claims may be barred in whole, or in part, by the doctrines of claim and issue preclusion, collateral estoppel, and/or res judicata.

23.     Plaintiff's claims are barred, in whole or in part, by his failure to join indispensable parties.

24.     The Complaint must be dismissed due to insufficient service of process.

25.     Plaintiff's claims are barred in whole, or in part, by the doctrines of unclean hands, waiver, contributory negligence, assumption of the risk, estoppel, and in pari delicto.

9

13149301-1

26.     Plaintiff's losses or injuries, or the losses or injuries of putative class members, if any, were caused or contributed to by the intervening acts of third parties, or in the case of Plaintiff, they were self-inflicted.

27.     Plaintiff's claims are governed, barred or subsumed, in whole or in part, by the New Jersey Product Liability Act, N.J.S.A. 2A: 58C-1, et seq., including sections 58(c)(3)(a)(1), 3(a)(2), and 3(a)(3).

28.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the equitable defenses of laches.

29.     Any costs alleged by Plaintiff to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

30.     The relief that Plaintiff seeks, in whole or in part, violates Defendants' constitutional due process rights.

31.     Plaintiff or putative class members have released, settled, or otherwise waived their claims.

32.     All claims in the Complaint are barred by the economic loss rule.

33.     The damages alleged in the Complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiff's failure to mitigate his damages.

34.     Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments to and the Excessive Fines Clause of the United States Constitution and Article I of the New Jersey State Constitution.

35.     Plaintiff's claims are barred, in whole or in part, because they are expressly or impliedly preempted by federal law. Congress has enacted a comprehensive regulatory scheme governing the subject matter of Plaintiff's allegations and has delegated exclusive authority to the

10

Federal Communications Commission to promulgate and enforce nationwide standards. Plaintiff's claims conflict with, add to, or seek to impose obligations different from those established under federal law, and therefore are preempted under the Supremacy Clause.

36.     Plaintiff's claims are barred, in whole or in part, because they are expressly or impliedly preempted by federal law. Congress has enacted a comprehensive regulatory scheme governing the subject matter of Plaintiff's allegations and has delegated exclusive authority to the Food and Drug Administration to promulgate and enforce nationwide standards. Plaintiff's claims conflict with, add to, or seek to impose obligations different from those established under federal law, and therefore are preempted under the Supremacy Clause.

37.     Plaintiff's claims are barred, in whole or in part, because they are expressly or impliedly preempted by federal law. Congress has enacted a comprehensive regulatory scheme governing the subject matter of Plaintiff's allegations and has delegated exclusive authority to the Environmental Protection Agency to promulgate and enforce nationwide standards. Plaintiff's claims conflict with, add to, or seek to impose obligations different from those established under federal law, and therefore are preempted under the Supremacy Clause.

38.     Defendant reserves the right to add further affirmative defenses.

**WHEREFORE,** Defendants Bodywell USA, Inc. and Dror Levy hereby demand judgment against Harold M. Hoffman to include the following:

(1) dismissal of the Complaint with prejudice;

(2) an award of costs and reasonable attorneys' fees; and

(3) any and all additional relief that the Court deems appropriate and proper.

11

13149301-1

Dated: February 25, 2026

Respectfully submitted,

**OLSHAN FROME WOLOSKY LLP**

_Scott Shaffer_

Scott Shaffer
1325 Avenue of the Americas
New York, NY 10019
　　　　-and-
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
Tel: (973) 331-7200
E-mail: sshaffer@olshanlaw.com

*Attorneys For Defendants*

12

13149301-1